## THE UNITED STATES, APPELLANT, *v.* HORACE C. GILSON ET AL., RESPONDENTS.

PRACTICE—APPEALS—WRITS OF ERROR—BILLS OF EXCEPTION.—The legislative assembly has authority to regulate the mode of taking and allowing writs of error, bills of exception and appeals; and such regulations, when made, apply to all cases, whether arising under the laws of the United States, or of the territory.

WRITS OF ERROR—APPEALS.—A writ of error is the proper mode of bringing before this court, for review, actions at law; and suits in chancery must be brought up by appeal.

IDEM.—A common law action can not be re-examined in this court on appeal, but must be brought up by writ of error.

APPEAL from the second judicial district, Ada county.

*Rosborough & Preston,* for the appellant.

*H. E. Prickett,* for the respondent.

Opinion by LEWIS, J. WHITSON, J., concurred. NOGGLE, C. J., dissented.

This action is brought upon an official bond executed by the said Gilson as principal, and the other defendants as sureties, to the United States, conditioned that the defendant Gilson should truly perform the duties of the office of secretary of Idaho, and would account for all moneys by him received as such officer.

The breach alleged is that said Gilson has wholly failed to so account, but on the contrary has received from plaintiff the sum of thirty-three thousand dollars, and has neglected and refused to account for the whole or any part thereof. The case was tried at the April term, 1870, before the court and a jury, and a verdict rendered for defendants. Judgment was rendered on the verdict that the complaint be dismissed on the merits of the action.

The plaintiff thereupon filed a motion to vacate the verdict and to grant a new trial, upon the ground that the evidence was insufficient to justify the verdict, and plaintiff also filed a statement setting out the evidence given on the trial. The court denied the motion for a new trial; from

which order denying the motion for a new trial the plaintiff appealed.

The defendants have filed in this court a motion to dismiss the appeal, because:

1. Said action is an action at common law, and the facts at issue were tried by a jury; hence this court can not review the case or revise the judgment, except by means of a writ of error. The question has been raised by counsel in the discussion of this case, whether the courts of the territory are courts of the United States; and whether, as such courts are by the seventh amendment to the constitution prohibited from examining a suit at common law, otherwise than in accordance with the rules of common law, as to facts tried by a jury, this court has jurisdiction to examine the case before us otherwise than by writ of error.

For the purpose of disposing of this motion it is not necessary to determine as to the question whether or not these are United States courts. It is clear that the district courts have the same jurisdiction in causes arising under the constitution and laws of the United States as is vested in the circuit and district courts of the United States. That by the provisions of the organic act writs of error and appeals are allowed from the final decisions of the district court in causes arising under the laws of the United States, the same as in other cases; and that as the organic act confers upon the legislature the power of regulating the mode of taking and allowing writs of error, bills of exceptions, and appeals; such regulations, when so made, apply to all cases, whether arising under the laws of the United States or of the territory. That in the plain language of the act, "Writs of error, and appeals from the final decisions of the supreme court, shall be allowed and taken to the supreme court of the United States, in the same manner and under the same regulations as from the circuit courts of the United States."

Congress, therefore, has regulated the manner of allowing writs of error and appeals from this court to the supreme court of the United States, and the supreme court of the United States has decided that the manner of exercising

its appellate jurisdiction is, in suits of common law, by writ of error, and in equity and admiralty cases by appeal; and have dismissed appeals and writs of error, when not taken to said court in accordance with such rule. (*The San Pedro,* 2 Whart. 137; *McCollum* v. *Eager,* 2 How. 63.)  The courts of this territory are created by the organic act, and their jurisdiction and powers must be ascertained by the provisions of said act, and the laws of the territory passed in pursuance thereof.  Both the district and supreme courts are, by the express terms of the act, clothed with chancery and common law jurisdiction; and the legislature have no authority to abridge such jurisdiction, nor has the legislative assembly made any attempt so to do.

But congress, by the provisions of said act, section 9, has delegated to the legislature certain powers—as to limiting the jurisdiction, and regulating writs of error, bills of exceptions, and appeals.  First as to their original and appellate jurisdiction.  The language of the organic act is, that the jurisdiction of these courts shall be both as to their appellate and original jurisdiction, limited by law, and the legislature have accordingly provided by law, that the jurisdiction of the supreme court shall be appellate.  (Sec. 609, Crim. Prac.)  That the jurisdiction of the district courts shall be both original and appellate.  (Secs. 613 and 614, Civ. Prac.)  Hence, by the provisions of the organic act and the laws of the territory, this court has appellate jurisdiction.

How shall this appellate jurisdiction be exercised?  The organic act in very plain and positive language declares, that writs of error, bills of exceptions, and appeals shall be allowed in all cases, from the final decisions of the district courts to the supreme court, under such regulations as may be prescribed by law.  Congress, therefore, has not delegated the power to the legislature to say in what cases writs of error and appeals may be allowed, but have emphatically declared, in language that is plain and not to be misunderstood, that they shall be allowed in all cases.  The act, however, does not prescribe the mode in which they shall be allowed, but expressly provides that they shall be allowed,

under such regulations as may be prescribed by law, thus giving to the legislature the power to prescribe the regulations as to the manner in which they may be taken and allowed.

The declaration of the act is, that "writs of error, bills of exceptions, and appeals shall be allowed." These words have a technical and well-understood meaning. "Writs of error" are known to common law proceedings, but an appeal is not; but writs of error and appeals are the modes pointed out by congress whereby common law, equity, and admiralty causes may be reviewed and re-examined in the supreme court; and when congress uses these words in the organic act, it must be considered that they used them in accordance with the sense and meaning that had been given them by the supreme court of the United States. There is no doubt but that they were so used and intended to be understood in the same section, in providing for writs of error and appeals from this court to the supreme court of the United States.

If this be the sense in which these words were used, it follows that the true interpretation of that clause of the organic act is this: that writs of error and bills of exceptions shall, in suits at common law, be allowed and taken, and appeals in equity and admiralty cases shall be allowed from the district to the supreme court; and that the power is conferred upon the legislature to regulate the manner and prescribe the rules of practice in taking and allowing them.

The territorial legislature, most clearly then, has the power to prescribe and regulate the manner whereby writs of error, bills of exceptions, and appeals may be allowed; and in the exercise of the powers herein conferred, the legislature, by the provisions of sections 191 to 194 inclusive, regulated the manner of taking and allowing bills of exceptions. By the provisions of sections 218 to 306 inclusive, of the civil practice act, the manner of taking appeals is regulated; and by the provisions of sections 312 to 326 inclusive, of civil practice, the manner of allowing writs of error is regulated. Section 312 declares that every final judgment, order, or decision of the district courts, except in

chancery, may be re-examined upon writ of error in the supreme court for error of law; therefore the legislature have by these provisions provided for all cases at law as to the manner in which they may be reviewed in this court, and in our view such regulations are in strict accordance with the organic act; but section 281 provides that a judgment or order in a civil action, except where made final by this act, may be reviewed as prescribed by this title, to wit, appeals in civil action, and it is declared in sections 284 and in 295 in what cases an appeal may be allowed.    The organic act, as we have seen, however, has declared that appeals shall be allowed in all cases, which, as we have construed the law, means in all equity and admiralty cases; wherefore if we hold that the provisions of the practice act regulating the manner of allowing appeals, are only applicable to cases in equity and admiralty, there will be no conflict between the laws of the territory and the organic act.

And we may here remark that the legislature seems to have doubted their power to provide for the manner of taking appeals in actions at law, hence they also provided for writs of error in cases at law.

By this construction of the law our system of jurisprudence is perfect and complete, and the appellate jurisdiction of this court is made to conform with the ancient and well-established principles of judicial proceedings; the rules of practice then will be the same in substance as to appeals and writs of error, whether the cause be taken from the district to the supreme court of this territory, or from this court to the supreme court of the United States.    We are therefore of opinion that as the case at bar is a common law action, it can be re-examined in this court only for errors of law upon a writ of error, as regulated by the civil practice act of this territory.

The appeal must therefore be dismissed.