## STATE VS. SHEPPARD.

CRIMINAL LAW. *Questions of law arising on trial must be reported to this court, under sec. 8, ch. 180, R. S., before judgment. Can come after judgment only by writ of error.*

Under the statute (R. S., ch. 180, secs. 8–10), doubtful questions of law arising on the trial of a criminal action, may be *reported* to this court for determination; but such report must be made *before judgment.* And where a case is so reported *after* judgment (instead of being brought here on writ of error), this court has no authority to determine the questions submitted by the trial court, or to make any order upon the report.

REPORTED from the Circuit Court for *Jackson* County.

*The Attorney General,* for the state.

*Cameron & Losey,* for defendant.

LYON, J. This case comes here on the report of the judge of the sixth circuit, submitting certain questions of law to this court for determination. It appears from the report that the defendant was tried and convicted on a criminal information against him, and that judgment was duly pronounced and entered upon such conviction.

Doubtful questions of law arising on the trial of a criminal case may be reported to this court for determination. R. S.,

ch. 180, sec. 8.   But the report must be made before judgment. After judgment, a writ of error must be resorted to, in order to have the case reviewed by this court.   It is very clear that the legislature did not intend that the report which is authorized should ever perform the office of a writ of error.   The provisions of secs. 8, 9 and 10 of the above chapter all show a contrary intention.

We have no authority to determine the questions which the learned circuit judge has attempted to submit to us, and can take no action on the report, nor make any order thereon.