(September 11, 1882.)

# RUPERT v. BOARD OF COMMISSIONERS OF ALTURAS COUNTY.

[2 Pac. 718.]

APPEAL—STATUTORY RIGHT.—The right to appeal, and the manner of perfecting it, is wholly dependent upon our territorial statutes.

APPEALABLE JUDGMENT—ORDER OF BOARD OF COUNTY COMMISSIONERS.—No appeal will lie from the judgment of the district court upon an appeal to the district court from an order made by the board of county commissioners determining the result of an election.

SAME—WRIT OF ERROR.—In such case the remedy is not by appeal but by writ of error; and, aided by bills of exceptions, writs of error furnish a complete and perfect means of bringing causes from an inferior court to the appellate court for review, and for the correction of errors.

APPEAL from District Court, Alturas County. The judgment appealed from being nonappealable, the appeal is dismissed.

J. Brumback, for Appellants.

R. Z. Johnson and Huston & Gray, for Respondent.

No briefs were filed in this case.

MORGAN, C. J.—In the matter of the motion to dismiss the appeal taken by the board of county commissioners of Alturas county, Idaho territory, from the judgment of the district court of the second judicial district in and for said county of Alturas, entered in the records of said court on the third day of November, 1881. It appears from the record in this cause that

pursuant to law an election was held in Alturas county, for the relocation of the county seat thereof, on the twelfth day of September, A. D. 1881; that on the twenty-second day of September, A. D. 1881, the said board of county commissioners canvassed the votes cast at said election, and duly entered the result thereof in their records on said last-mentioned date; that on the first day of October, A. D. 1881, one Joseph A. Rupert, of said county, took an appeal from the order of said board declaring the result of said canvass to the district court in and for said county; that after hearing said cause final judgment was entered therein, as stated, on the third day of November, 1881. From said judgment the said board of county commissioners attempted to take an appeal to this court under and by virtue of sections 641 and 642 of the 11th Session Laws of Idaho. The question is can this cause be brought to this court by this method? At common law appeals of this character are unknown. (See Powell's Appellate Proceedings, p. 104, sec. 6; *Wiscart v. Dauchy,* 3 Dall. 321; Curtis' American Conveyancer, sec. 185.) The right to appeal, therefore, and the method of perfecting it is wholly dependent upon the statutes in force in this territory. (See, also, *United States v. Gilson,* 1 Idaho, 364.) Section 1869 of the organic act of this territory states that "writs of error, bills of exception, and appeals shall be allowed in all cases from the final decisions of the district courts to the supreme court of all the territories, respectively, under such regulations as may be prescribed by law; that is, such regulations as may be prescribed by the laws of the territory." Section 642 of the 11th Session Laws of Idaho distinctly and clearly sets forth what class of cases may be brought to this court by appeal, as follows: An appeal may be taken to the supreme court from a district court (1) from a final judgment in an action or special proceeding commenced in the court in which the same is rendered; (2) from a judgment rendered on an appeal from an inferior court; (3) from an order granting or refusing to grant a new trial, and from various other orders mentioned in said third clause.

Clearly, it is not the duty of this court to give the words of a statute any other meaning than is expressed by their legal signification. It is not the duty of this court, nor has it the

authority, to give a statute any broader scope than that intended by the legislature.   Does this case come within the first clause of said section?   Was this an action or special proceeding commenced in the district court?   By virtue of section 28, page 690, of the Revised Laws of Idaho, it became the duty of the said board of county commissioners to canvass the votes cast at said election, and declare the result, which they did.   From the order declaring this result the first clause of section 25, county commissioners' law (Idaho Revised Laws, 529), gives the right of appeal to the district court.   Section 26 gives the method of appeal.   Section 28 directs the clerk of the board of county commissioners as to his duties upon receiving the notice of appeal and undertaking.   Section 27 authorizes and directs the district court to hear the case anew, and empowers said court to affirm, reverse, annul, or modify the order of the board.

The appeal of the respondent in this court was taken from the order of the board in accordance with the sections above set forth, and the cause was heard in the district court on said appeal.   We think it must be held that said action was commenced when the notice of appeal was filed with the clerk of the board of county commissioners; that the order of the board of county commissioners is a constituent and necessary part of this cause, and the foundation of the action.   All the proceedings until the appeal was perfected were had before the board of county commissioners, or with the clerk of said board.   An appeal from the order of the board of commissioners necessitates such an order by the board as a priority to the appeal and the foundation thereof.   In an action or special proceeding commenced in the district court it will be found that the papers which commenced the action are always placed on file in said district court with the clerk thereof; and it is never an appeal from a judgment, order, or decision of any other court, tribunal, or board whatever.   The ordinary and legal signification of the word "appeal" indicates that there has been an order, judgment, or decision by some inferior board or tribunal.   We think it must be held that this cause or proceeding was commenced before the board of county commissioners, and therefore does not come under the first clause of section 642.   The second clause of said section allows appeals from the judgments rendered by inferior

courts. A court is a body in the government to which the public administration of justice is delegated. The one common and essential feature in all courts is a judge or judges having some sort of judicial functions, power, or authority. (Bouvier's Law Dictionary, 373 et seq.) Section 1907 of the Revised Statutes of the United States specifies in what bodies or persons judicial power is vested in the territories, namely: In supreme court, district courts, probate courts, and in justices of the peace. Boards of county commissioners are not among the number, and have no judicial functions or power, and cannot be vested therewith; therefore they are not courts. This clause is clearly not within the third clause of section 642.

Parties deeming themselves aggrieved by the judgment of the district court are not without a complete remedy. Writs of error, aided by bills of exceptions, have for six centuries, under the common law, furnished a complete and perfect means of bringing causes from an inferior court to the appellate court for review, and for the correction of errors, if any there be. All the virtues of this ancient and complete remedy are at the service of the people of this territory.

We think this appeal, not being allowed by the statute, should be dismissed; and it is dismissed.

Prickett and Buck, JJ., concurred.