## CLOUGH *v.* CURTIS.

## BURKHART *v.* REED.

APPEALS FROM THE SUPREME COURT OF THE TERRITORY OF IDAHO.

Nos. 1133, 1134. Argued January 27, 28, 1890. — Decided March 17, 1890.

The jurisdiction of the several courts of the Territory of Idaho is a rightful subject of legislation by the territorial legislature.

An act of the territorial legislature conferring upon the Supreme Court of the Territory original jurisdiction to issue writs of mandate, review, prohibition, *habeas corpus* and all writs necessary to its appellate jurisdiction is not inconsistent with the Constitution of the United States, or with any act of Congress.

Section 1910 of the Revised Statutes does not forbid a territorial legislature from conferring original jurisdiction upon the Supreme Court of the Territory in such cases.

This court has jurisdiction over judgments of a territorial court: (1) denying an application for a writ of mandamus to compel the secretary of the Territory to record certain proceedings as part of the proceedings of a session of the legislature of the Territory; and (2) denying an application for a like writ to compel the chief clerk of the House of Representatives of the Territory to bring his minutes and journals into the court in order that they may be there corrected in the presence of the court; and it is *held* that there was no error in denying applications for such writs of mandamus, when they were not asked for by one claiming to have a beneficial interest in sustaining or defeating the measures which it was sought to have incorporated into the official records.

The courts of the United States cannot be required, in a case involving no private interest, to determine whether particular bodies, assuming to exercise legislative functions, constitute a lawful legislative assembly.

THE case, as stated by the court, was as follows:

These cases depend upon the same principles of law, and will be considered together.

It appears from the record of the first one (No. 1133) that upon the petition of the appellant to the Supreme Court of

the Territory of Idaho, an alternative writ of mandamus was issued, stating substantially the following facts: The appellant was and is the president of the Council of the 15th session of the legislature of Idaho, and the appellee is the secretary of that Territory. On the 60th day of that session, February 7, 1889, the Council continued in session until midnight, and thereafter until about one o'clock of the succeeding morning. About the latter hour in the morning of the 8th day of February, 1889, a communication was received from the chief clerk of the House of Representatives, announcing that that body had elected one George P. Wheeler as speaker pro tem. The petitioner declined to receive that message as a message from the House, for the reason that the latter body had no authority to elect a speaker after the expiration of the sixty days prescribed for the session by the act of Congress; and the petitioner, as president of the Council, announced to that body and declared " that, because the hour of 12 o'clock and after had arrived, and the time had elapsed in which the said legislature was permitted to transact business, therefore the said Council was adjourned without day." He then inquired of the chief clerk if the adjournment was recorded in the minutes of the proceedings of the session, and received from him the reply that it was. The Council then dispersed, and the petitioner and some of the members left the room, after which other members pretended to reorganize the Council, and to elect one. S. F. Taylor president pro tem. thereof, and to elect other officers of the Council, and, also, assumed to transact legislative business, passing enactments which the persons, so pretending to be a legislature, claimed were acts of the legislature of the 15th session of the Territory. Seventeen acts were so passed after the time had expired for holding the session of the legislature.

The writ also stated that in making up a record of the sixtieth day of the legislative session the clerk did not thereafter show him the same; and petitioner never saw, until after the clerk had filed with E. J. Curtis, the secretary of the Territory, certain papers which he claimed were the proceedings of the sixtieth day of the session of the Council, but which, in

fact, were a false and fictitious account of those proceedings, signed by S. F. Taylor, and not signed by petitioner, president of the Council, as required by its rules and practice. The petitioner found that a part of the minutes or records had been cut out, and that there were three stubs of leaves which had been a part of the former proceedings of the records or minutes of said session. The part of the minutes reciting that the president of the Council declared the session adjourned, and his reasons therefor, had been cut out and were omitted from the minutes as filed with the secretary of the Territory.

On the 14th of February, 1889, the petitioner, as the president of the Council, called the attention of the secretary of the Territory to said cut leaves, stating to him the proceedings that should have appeared therein, and handed to him a report thereof as they actually occurred, demanding that the same be incorporated with the proceedings of the legislature, and recorded as a part of the proceedings of the Council. The defendant, Edward J. Curtis, declined to record the adjournment proceedings as a part of the proceedings of the legislature. The petitioner then and there demanded that the report as furnished by him be certified to Congress as part of the proceedings of the legislature of Idaho for the fifteenth session. But defendant refused to report the said adjournment as a part of the proceedings. The petitioner, after having stated and certified to him, as secretary of the Territory, that all of the alleged proceedings, wherein it was stated that S. F. Taylor was president *pro tem.*, were had after the hour of 12 o'clock, and after the adjournment of the Council by the president thereof, demanded that the subsequent proceedings and pretended legislation be not recorded as a part of the proceedings of the legislature; and, if already recorded, that the same be expunged from the record of the proceedings of the fifteenth session of the legislature; all of which the secretary declined to do, and he still declines to treat the proceedings and acts signed by S. F. Taylor, president *pro tem.*, as null and void, and threatens to certify them to Congress as a part of the proceedings of the Council.

The record in the second case (No. 1134) shows that upon the petition of H. Z. Burkhart, speaker of the House of Representatives of Idaho Territory, 15th session, an alternative writ of mandamus was issued against Charles H. Reed, chief clerk of that body, and Edward J. Curtis, secretary of the Territory, alleging the following facts:

The defendant Reed, as such chief clerk, has in his possession the minutes of the proceedings of the last day of the session of the House of Representatives, which minutes have been read and approved by that body, and so declared to it then and there by the speaker on the last day of such session. Thereafter the speaker asked the clerk if there was any further business before the House, and the latter replied there was none. After the hour of 12 o'clock midnight of the 7th day of February, 1889, being the 60th and last day of the session, the plaintiff, as speaker and acting as such, announced that the time had arrived when by the act of Congress the session closed by limitation of time, and declared the House adjourned *sine die*. To that announcement there was no dissent by the House or by any member thereof, but all acquiesced therein, and the speaker, acting as such, actually adjourned the House after the hour of 12 o'clock at night of the 60th day of the session. Upon such adjournment he and a portion of the Representatives left the assembly room, and thereafter several members of the legislature elected a speaker and assumed to pass acts and to perform the duties of the House.

The writ in this case also states that it was and is the duty of the defendant Reed, as chief clerk, to make and keep correct and true minutes of the doings and proceedings of the House, and upon their approval by the speaker it is his custom and duty to sign the same as speaker. But Reed wrongfully and fraudulently falsified said record of the minutes of the House on its last day's session, and took from and kept out of the minutes the fact that the speaker had them read and approved, and declared the same duly approved, and that the speaker asked the clerk if there was any further business, to which the latter replied that there was none, and that the

speaker declared the House adjourned without day, according to the laws of the United States, the time for the limit of the session having expired. He wrongly and falsely put into the minutes of the last day's session the statement that, pending the reading of the journal, the speaker left the chair and went out of the House, when, in fact, he did not leave the House until after its final adjournment. The defendant Reed also neglected and refused to allow the speaker to inspect, revise, approve or sign the minutes, and obtained the signature thereto of one George P. Wheeler, a member of the legislature, who was neither the speaker nor the actual speaker *pro tem.* of the House. He filed with the defendant Curtis, secretary of the Territory, said falsified minutes as the true minutes of the last day's session, although the same, as the defendant Curtis knows, were not signed by the speaker as the law and custom require. On the 7th day of February, 1889, demand was made by Lyttleton Price, in behalf of the speaker, the plaintiff herein, that Curtis do not record or treat the proceedings after said adjournment as the proceedings of the House. Yet Curtis, as secretary, is wrongfully claiming and pretending that said false and incorrect minutes are the real, true and correct journals and minutes of the House, and is threatening to continue so to do, and to record and preserve those minutes as a record of the proceedings of the House on the last day of its 15th session.

These are the essential facts disclosed by the alternative writs of mandamus.

By the writ in the first case the defendant Curtis was commanded "to record the said report of the said proceedings of the said Council as a part of the proceedings of the fifteenth session of the legislature of Idaho Territory," and "to expunge from the records of the said sixtieth day of the session all the proceedings assumed to have been done while S. F. Taylor is alleged to be president of the Council, and to strike from the files and records of the laws of Idaho those pretended acts of legislation signed by S. F. Taylor as President of the Council, or show cause," etc.

The writ in the other case commanded the defendants "to

bring such minutes and pretended minutes and journal of said House of Representatives into court, that the same may be corrected so as to state the facts, and that said Charles H. Reed correct the same in accordance with the facts, so that it may appear in the proper place in the minutes that said speaker asked the clerk if there was any further business before the House, and that the clerk said there was not, and that thereupon the minutes were read and approved, and that thereupon, it then being 12 o'clock midnight, the said speaker announced to the House that, the time having arrived when the session must close according to the law of Congress, he therefore now declared the House adjourned *sine die*, and that to the said announcement of the expiration of the time of the session there was no dissent, and that to the said order of final adjournment there was no objection; and that in every way and manner and particular said Reed make said minutes correspond with the facts, and be a full, true and complete record of said last day's session of said House of Representatives, and be nothing otherwise; and that after being so corrected, the said speaker, H. Z. Burkhart, may have an opportunity to sign said minutes as corrected; that the same be returned to the defendant Edward J. Curtis, as such secretary, or that, failing so to do," cause be shown, etc.

In each case there was a demurrer upon these grounds: 1, The court has no jurisdiction of the person of the defendant or of the subject of the proceeding; 2, The plaintiff has no legal capacity to sue; 3, The petition and writ do not state facts sufficient to constitute a cause of action or proceedings of this kind; 4, The writ is ambiguous and uncertain. In the second case an additional ground was assigned to the effect that several causes of action were improperly united. The demurrers were all sustained, and the applications for writs of mandamus denied.

*Mr. Arthur Brown* and *Mr. Littleton Price,* for appellants, cited: *Burnham* v. *Morrissey,* 14 Gray, 226; *S. C.* 74 Am. Dec. 676; *Hill* v. *Goodwin,* 56 N. H. 441; *Hendee* v. *Cleaveland,* 54 Vermont, 142; *Wise* v. *Bigger,* 79 Virginia, 269;

*Smith* v. *Moore*, 38 Connecticut, 105; *Farrell* v. *King*, 41 Connecticut, 448; *Road Company* v. *Douglas County*, 5 Oregon, 373; *State* v. *Whittit*, 61 Wisconsin, 351; *Bell* v. *Pike*, 53 N. H. 473; *Hall* v. *Somersworth*, 39 N. H. 511; *Justices' Answer*, 70 Maine, 560; *Prince* v. *Skillin*, 71 Maine, 361; *Lamb* v. *Lynd*, 44 Penn. St. 336; *Union Pacific Railroad* v. *Hall*, 91 U. S. 343; *United States* v. *Kendall*, 12 Pet. 524, 608; *United States* v. *Schurtz*, 102 U. S. 378; *People* v. *Schiellein*, 95 N. Y. 124; *Harrington* v. *Holler*, 111 U. S. 796; *United States* v. *Gomez*, 3 Wall. 752; *People* v. *Delaware County*, 45 N. Y. 196; *People* v. *Nostrand*, 46 N. Y. 375; *Hamilton* v. *Pittsburgh*, 34 Penn. St. 496.

*Mr. George Augustus Jenks*, for appellees, cited: *Gardner* v. *Collector*, 6 Wall. 499.; *Watkins* v. *Holman*, 16 Pet. 25; *People* v. *Commissioners*, 54 N. Y. 276, 279; *People* v. *Devlin*, 33 N. Y. 269; *S. C.* 88 Am. Dec. 377; *Sherman* v. *Story*, 30 California, 253; *S. C.* 89 Am. Dec. 93; *Post* v. *Supervisors*, 105 U. S. 667; *Ryan* v. *Lynch*, 68 Illinois, 160; *Spangler* v. *Jacoby*, 14 Illinois, 297; *S. C.* 58 Am. Dec. 571; *Division of Howard County*, 15 Kansas, 194; *South Ottawa* v. *Perkins*, 94 U. S. 260; *United States* v. *Clark County*, 95 U. S. 769; *Supervisors* v. *United States*, 18 Wall. 71; *United States* v. *Macon County*, 99 U. S. 582; *Ex parte Rowland*, 104 U. S. 612; *Secretary* v. *MacGarrahan*, 9 Wall. 298, 313; *United States* v. *Boutwell*, 17 Wall. 604; *Commonwealth* v. *Supervisors*, 29 Penn. St. 121; *Ex parte Burtis*, 103 U. S. 238; *Maxwell* v. *Burton*, 2 Utah, 595; *People* v. *Olds*, 3 California, 167; *S. C.* 58 Am. Dec. 398; *People* v. *Thompson*, 25 Barb. 73; *State* v. *Smith*, 44 Ohio St. 348; *State* v. *Moffitt*, 5 Ohio, 358; *Koehler* v. *Hill*, 60 Iowa, 543; *In re Robert*, 5 Colorado, 525, 528; *Turley* v. *Logan Co.*, 17 Illinois, 151; *Ex parte McCarthy*, 29 California, 395; *Flint* v. *Woodhull*, 25 Michigan, 99.

MR. JUSTICE HARLAN, after stating the case as above, delivered the opinion of the court.

Certain questions of jurisdiction raised by the appellees must be first examined. It is contended by them that the

Supreme Court of Idaho has no original jurisdiction, and that, if it had, no appeal lies from its judgment in this case. Neither of these propositions is sound. The Revised Statutes of the United States expressly declare that the jurisdiction, both appellate and original, of the courts of Idaho "shall be limited by law." § 1866. And by section 3816 of the Revised Statutes of Idaho it is provided that the jurisdiction of the Supreme Court of that Territory shall be original and appellate, and that "its original jurisdiction extends to the issuance of writs of mandate, review, prohibition, *habeas corpus*, and all writs necessary to the exercise of its appellate jurisdiction." Of the power of the legislature of Idaho to confer original jurisdiction upon the Supreme Court of the Territory in such cases, there can be no doubt. Its power extends to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States. Rev. Stat. § 1851. The jurisdiction of the several courts of the Territory is a rightful subject of legislation, and the above provision is not inconsistent with the Constitution or any act of Congress.

It is contended, however, that the provision that each of the District Courts in certain Territories, including Idaho, "shall have and exercise the same jurisdiction, in all cases arising under the Constitution and laws of the United States, as is vested in the Circuit and District Courts of the United States," Rev. Stat. § 1910, confers original jurisdiction, in cases of that character, only upon the territorial District Courts. But that section is not to be so interpreted. It does not forbid the legislature from giving original jurisdiction to the District Courts of the Territory in cases other than those therein named. Accordingly, by the Revised Statutes of Idaho the jurisdiction of the District Courts of the Territory is extended to all civil actions for relief formerly given in courts of equity; in which the subject of litigation is not capable of pecuniary estimation; in which the subject of litigation is capable of such estimation, and which involves the title or possession of real estate, or the legality of any tax, unjust assessment, toll, or municipal fine; to all special proceedings; to the issuing of writs of mandate, review, prohibition, *habeas corpus*, and all writs necessary to

the exercise of its powers, and to the trial of indictments. Rev. Stats. Idaho, § 3830. Nor does section 1910 of the Revised Statutes of the United States forbid the territorial legislature from conferring original jurisdiction upon the Supreme Court of the Territory in cases named in section 3816 of the Revised Statutes of Idaho, although such cases may depend upon questions arising under the Constitution or laws of the United States. If Congress had intended to confer upon the District Courts of the Territories named exclusive jurisdiction in the class of cases named in section 1910, it would have so declared in express terms.

This question has been adverted to because the jurisdiction of this court to review the judgment below depends upon the inquiry whether the present case is embraced by section 2 of the act of March 3, 1885, authorizing this court, without regard to the sum or value in dispute, to review the judgment or decree of the Supreme Court of a Territory, in any case in which is drawn in question the validity of an authority exercised under the United States. 23 Stat. 443, c. 355. Do the cases now before us raise any question as to the validity of an authority exercised under the United States? We are of opinion that they do. By the Revised Statutes of the United States, the legislative power in each Territory is vested in the governor and a legislative assembly, the latter to consist of a Council and House of Representatives. § 1846. The alternative writ of mandamus proceeds upon the ground that a body of persons claimed, but without right, to be respectively, the lawful Council and House of Representatives of the Territory, usurped the legislative power conferred by Congress upon the legislative assembly of the Territory and passed enactments purporting to be laws of such Territory. In each case is directly drawn in question the lawful existence of those bodies as the Council and House of Representatives of the Territory, and consequently, the authority which they have assumed, as the legislative assembly of the Territory, to exercise under the United States. In this respect the present case differs from *Baltimore & Potomac Railroad* v. *Hopkins*, 130 U. S. 210, 225, upon writ of error to the Supreme Court

of the District of Columbia. In that case it was held that the words in the Act of March 3, 1885, 23 Stat. 443, c. 355, the validity of a "statute of or an authority exercised under the United States" do not embrace a case, which depends only on a judicial construction of an act of Congress, there being no denial of the power of Congress to pass the act, or of the right to enjoy whatever privileges are granted by it. The case now before us is within the very letter of the act of 1885 because there is drawn in question the validity of an authority exercised under the United States. *Clayton v. Utah Territory*, 132 U. S. 632, 637. It is, consequently, our duty to inquire whether the court below erred in withholding the relief asked by the petitioners.

It is clear that such relief cannot be granted without deciding that the body over which George P. Wheeler presided was not the lawful House of Representatives; that the one over which S. F. Taylor presided was not the lawful Council ; and that the minutes filed with the secretary of the Territory, purporting to be the record of the proceedings of the last day of the fifteenth session of the legislature, were not true minutes of that day's session prior to its legal termination, but were, in part, minutes of the proceedings of persons who did not constitute the Council and House of Representatives of the Territory. Those facts being determined in favor of the petitioners the court is, in effect, asked to take these minutes into its own custody or under its control ; to cause them to be corrected in accordance with the facts as alleged by the petitioners to exist ; to order them, after being thus corrected, to be filed in the office of the secretary of the Territory as the only true records of the legislative proceedings in question; and to require that officer to expunge from the files and records of the laws of the Territory the acts passed while Taylor and Wheeler assumed to be the presiding officers, respectively, of the Council and House of Representatives of the Territory. And this relief, it is to be observed, is not asked by any one claiming to have a beneficial interest in defeating or in sustaining the enactments passed by the two bodies alleged to have usurped the functions of a legislative assembly. Rev.

We are all of opinion that there was no error in denying these applications for writs of mandamus. We have not been referred to any adjudged case that would justify a court in giving the relief asked by the petitioners. And we do not suppose that such a case can be found in any State whose powers of government are distributed — as is the case in the Territory of Idaho — among separate, independent and co-ordinate departments, the legislative, the executive and the judicial. 12 Stat. 808, c. 97; Rev. Stat. §§ 1841, 1846, 1907. "One branch of the government," this court said in the *Sinking Fund Cases*, 99 U. S. 700, 718, "cannot encroach on the domain of another without danger. The safety of our institutions depends in no small degree on a strict observance of this salutary rule." It is not one of the functions of a court to make up the records of the proceedings of legislative bodies. Nor can it be required, in a case not involving the private interests of parties, to determine whether particular bodies, assuming to exercise legislative functions, constitute a lawful legislative assembly. Such a question might indeed arise in a suit depending upon an enactment passed by such an assembly. And it might be that, in a case of that character, and under some circumstances, the court would be compelled to decide whether such an enactment was passed by a legislature having legal authority to enact laws. How far in the decision of such a question the judiciary would be concluded by the record of the proceedings of those bodies, deposited by the person whose duty it was to keep it with the officer designated by law as its custodian, are questions we have no occasion at this time to consider. It is sufficient for the disposition of the present case to say that the court below properly refused to lay its hands upon what purported to be the record of the proceedings of the legislative assembly of Idaho, in the custody of the secretary of that Territory, and to cause changes or alterations to be therein made.

The cases cited by the appellants do not assert any different doctrines in respect to the power of the courts over the record of the proceedings of a co-ordinate department of government. They go no further than to assert the rule that a

writ of mandamus, where there is no other adequate remedy, may be granted to compel inferior tribunals, corporations and public officers or agents to perform purely ministerial duties, in respect to which there is no discretion to be exercised. Rev. Stat. Idaho, § 4977. Such cases do not sustain the proposition that the judiciary, by means of writs of mandamus operating upon the officers of legislative bodies, may supervise the making up of the records of the proceedings of those bodies, or cause alterations to be made in such records as prepared by the officer whose duty it was to prepare them. Much less do they justify the court, in a case that does not involve the private rights of litigants, to determine whether particular bodies of persons constituted a lawful legislative assembly.

*The judgment in each case is affirmed.*