(December 14, 1892.)

## NEZ PERCES COUNTY v. LATAH COUNTY.

[31 Pac. 800.]

ACT OF CONGRESS DIVIDING NEZ PERCE COUNTY—TERMS OF COURT—CREATION OF LATAH COUNTY—JUDICIAL EXPENSES.—1. By act of Congress Nez Perces county was divided and Latah county created.

TERMS OF COURT FOR LATAH COUNTY.—2. By section 7 of said act it was provided that Latah county should be and remain a part of Nez Perces county for judicial purposes, until the next meeting of the judges of the supreme court of the territory of Idaho, when terms of court were to be fixed for Latah county.

LATAH TO PAY. PROPORTION OF DEBT.—3. By section 5 of said act Latah was to pay to Nez Perces county her just proportion of the net indebtedness of the latter county.

JUDICIAL EXPENSES—HOW TO BE PAID.—4. Held, that Latah county is liable to pay her just proportion of the judicial expenses of the county of Nez Perces, until December 31, 1888.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

E. O'Neill, J. W. Poe and James E. Babb, for Appellant.

On the division of a county, and organization from its territory of a new county, the rule that the old county retains all the property, including money in treasury and uncollected taxes, has no application where the enactment itself provides for a division of the property, taxes, and liabilities. (Dillon on Municipal Corporations, secs. 188, 189, and note; *Board of Commissioners of Cheyenne Co. v. Board of Commissioners of Bent Co.,* 15 Colo. 320, 25 Pac. 508.) Corporations, like individuals, are liable on their contracts, and are liable even in implied *assumpsit.* (1 Dillon on Municipal Corporations, sec. 166, and note; 2 Kent's Commentaries, 305; *Bank v. Patterson,* 7 Cranch, 299.) On dissolution the liability would pass to the inhabitants. (1 Dillon on Municipal Corporations, sec. 173; *Clark v. Saline Co.,* 9 Neb. 516, 4 Pac. 246; *Roberts v. People,* 9 Colo. 458, 13 Pac. 630.) The act organizing the county of Latah is prospective, and not retroactive. (*Coulson*

*v. Portland,* Deady, 481, Fed. Cas. No. 3275; *Wallace v. Mayor etc.,* 29 Cal. 181; *Nougues v. Wallace,* 7 Cal. 65; *People v. Johnson,* 6 Cal. 499; *Koppikus v. Capital Commrs.,* 16 Cal. 253; *People v. May,* 9 Colo. 404, 12 Pac. 838; *Colusa Co. v. De Jarnett,* 55 Cal. 373; *Placer Co. v. Campbell* (Cal.), 11 Pac. 602.)

D. C. Mitchell and A. J. Green, for Respondent.

An appeal does not lie from an order of the board of county commissioners. (*Rupert v. Board,* 2 Idaho, 29, 2 Pac. 718; *Van Camp v. Board,* 2 Idaho, 19, 21 Pac. 721.) When a new county is created out of part of an old county, the old county takes the county property, and becomes liable for the whole of the county indebtedness, in the absence of legislative provision to the contrary. (*Laramie Co. v. Albany Co.,* 92 U. S. 307; *Gilliam Co. v. Wasco Co.,* 14 Or. 525, 13 Pac. 324; *Windham v. Portland,* 4 Mass. 388.) A county is duly organized when the officers have been appointed and qualified. (*Keating v. Marble,* 39 Kan. 370, 18 Pac. 189.)

MORGAN, J.—This action was brought by Nez Perces county against Latah county for a ratable proportion of the salaries of the sheriff, clerk of the district court, and prosecuting attorney of the county of Nez Perces. The salaries were for official services rendered by these officers for both counties from June 1, 1888, to December 31, 1888, inclusive. Nez Perces county was divided by act of Congress entitled "An act to create and organize the county of Latah," approved May 14, 1888 (1st Sess. Laws 1888-89, p. 147), and Latah county was attached to Nez Perces county for judicial purposes until thirty days after the next meeting of the judges of the supreme court, which was December 1, 1888. The claim or account for the proportion of said salaries, to wit, for the sum of $1,783.44, being four-sevenths of the salaries of said officers from June 1, 1888, to December 31, 1888, and which had been paid by Nez Perces county, duly verified, was presented to the board of county commissioners of Latah county for allowance, and on June 1, 1889, was by said board rejected or disallowed. From the decision of said board an appeal was taken to the district court

of the second judicial district in and for Latah county.  Trial
was had in said court, resulting in a judgment affirming the
decision of the board of county commissioners of Latah county,
which judgment was rendered July 18, 1891.  From this judg-
ment an appeal was taken to this court on September 5, 1891.
On July 18, 1891, notice of motion for new trial was duly filed.
After settlement of statement by the judge, motion for new
trial was duly made and denied on February 5, 1892.  On
March 6, 1892, an appeal was taken to this court from the order
overruling the motion for new trial.  This appeal was taken
on questions of both law and fact.  On the fifth day of Feb-
ruary, A. D. 1892, the attorneys for the respective parties en-
tered into the following stipulation, to wit:

["Title of the Court and Cause.]

"Now, at this time, the motion for new trial having been
overruled, it is hereby stipulated by the parties to the above-en-
titled action, E. O'Neill and J. W. Poe appearing for the plain-
tiff, and A. J. Green and D. C. Mitchell for the defendant,
that on an appeal from the said order overruling the motion
for a new trial therein, the appeal from the judgment hereto-
fore taken, and the appeal from the said order overruling the
motion for new trial, shall be considered as one case in the
supreme court, by and with the consent of said court, and that
one brief shall be prepared for both appeals, and both be ar-
gued at the same time and as one case.

"Dated at Moscow, Latah county, Idaho, this fifth day of
February, A. D. 1892.

"E. O'NEILL and
"J. W. POE,
"Attorneys for Plaintiff.

"D. C. MITCHELL and
"A. J. GREEN,
"Attys. for Defendant."

On the tenth day of October, 1892, it being the first day of
the October term of the supreme court, and at the time said
cause came on for hearing, the attorneys for respondent filed
their motion to dismiss this action on the following grounds, to-
wit: "The record herein discloses the fact that this cause came

into the district court upon an appeal from an order of the board of commissioners, and, after being tried in the district court can only be brought to this court by writ of error."

In the case of *Rupert v. Board,* 2 Idaho, 19, 2 Pac. 718, cited by counsel, this court decided that matters decided by the district court on appeal from the orders of the board of county commissioners can only be brought to the supreme court for review by writ of error. This results from the fact that the statute provides no method of bringing such cases to the supreme court by appeal, and not from want of jurisdiction when the case is once in court. The supreme court has jurisdiction of such causes when once brought in, as it has jurisdiction of both the parties and the subject matter. The bringing of this cause into this court in this manner is irregular and unauthorized, and, if no general appearance had been entered by respondent's attorneys, and no such stipulation as now appears on file had been made, the respondent might have procured a dismissal of the appeal by appearing specially for that purpose, as was done in *Rupert v. Board, supra.* But in this cause the attorneys for the respondent, after an appeal from the judgment had been taken, and on the same day on which the order overruling the motion for a new trial had been entered by the district judge, entered into a stipulation with the attorneys for the appellant, by which they agreed that the appeal from the judgment, and the appeal from the order overruling the motion for new trial, should be considered as one case in the supreme court, and that one brief should be prepared for both appeals, and both be argued at the same time, and as one case. By this stipulation the attorneys did not mean that they would argue a motion to dismiss the appeal, or the "case," as is the word used in the motion, as the motion to dismiss was not then made, and was not in fact placed on file until eight months thereafter. We must conclude that the attorneys intended to and did stipulate that the said appeals should be heard on their merits.

The method of bringing said appeal being an irregularity which may be waived by the parties, either by a general appearance, joinder in error, or by stipulation, we are constrained to hold that the right to move for dismissal of the appeal was waived by the stipulation. (*Bonner v. State,* 40 Ill. App. 629; 1 Am. & Eng. Ency. of Law, 183, and other authorities there

cited; *Suydam v. Pitcher,* 4 Cal. 280.)    By section 5 of the
act providing for the organization of Latah county it is enacted
that Latah county shall pay to the county of Nez Perces a just
proportion of the net indebtedness of Nez Perces county.    It
is further provided that the board of adjusters appointed by
the act should ascertain all the county, as then existing, justly
owes, in warrants, scrip or other just debts, which amount shall
constitute the gross indebtedness of said county of Nez Perces,
from which amount certain assets are to be deducted, to ascer-
tain the net indebtedness of said county.    It will be noticed
that the act provides that Latah county shall pay her just pro-
portion of all the debts of Nez Perces county, whether they may
be then due or may fall due in the future.    At the January
meeting, 1888, of the board of county commissioners said board
was required to and did fix the salaries of sheriff, clerk of the
district court and district attorney for said county of Nez Perces,
as it then existed, for the year 1888.    By section 7 of said act,
Latah county, notwithstanding it was organized as a separate
county, was attached to Nez Perces for judicial purposes until
thirty days after the meeting of judges of the supreme court
of Idaho territory.    This, in effect, provides that Latah county,
notwithstanding the division, was to remain a part of Nez Perces
county for judicial purposes, until thirty days after the con-
vening of the supreme court, when terms of court of Latah
county were to be fixed.    At the November term, 1888, for the
district court, for Nez Perces county, it was determined by said
court that the sheriff of Nez Perces county and the district at-
torney of said county should respectively serve all processes and
prosecute all causes appearing in said court for Nez Perces
county as it originally existed, including the then territory of
Latah county, in pursuance of the said seventh section of the
act of Congress.    The record shows that said officers did per-
form such services as they were required.    The obligation to
pay said officers, including the clerk of the district court, for
the year 1888, was fixed at the time of their salaries for said year
were fixed, to wit, in January, 1888.    It then became a debt
of Nez Perces county, although not due until December 31,
1888.    A just proportion of said indebtedness was by the terms
of the act of Congress required to be paid by Latah county.

The fact of appointment of district attorney, sheriff and clerk of the district court at the time of the organization of Latah county is immaterial in this case. The question as to the necessity for the appointment of such officers by Latah county when they were appointed is not before this court. It is therefore the opinion of the court that Latah county is liable for her just proportion of the salaries of said officers for the year 1888. Judgment of the district court is reversed, and a new trial ordered.

Sullivan, C. J., and Huston, J., concur.