[No. 1061. September 14, 1904.]

C. MARINAN et al., Relators, v. BENJAMIN S. BAKER, Associate Justice, etc., Respondent.

### SYLLABUS.

Appeals will not lie from a judgment of the district court, committing a person to jail for the wilful violation of an injunction, as section 3406 of the Compiled Laws of New Mexico only confers jurisdiction upon this court to review by appeal in criminal cases final judgments "rendered upon any indictment."

Original petition for mandamus in Supreme Court. Petition dismissed.

NEIL B. FIELD for relators.

R. E. TWITCHELL and CHARLES A. SPIESS for respondents.

### OPINION OF THE COURT.

MILLS, C. J.—The Atchison, Topeka and Santa Fe Railway Company filed its complaint in the district court of Bernalillo county against the petitioners in this

case and others.   After hearing, the court ordered an injunction to issue commanding these petitioners and others to desist and refrain from doing any of the acts and things charged in the complaint that they had been doing and were threatened to do.

Afterwards, The Atchison, Topeka and Santa Fe Railway Company by its petition filed in the original cause, represented to the district court of Bernalillo county that these petitioners had violated the injunction which had been by the court theretofore ordered against them, and upon a hearing the court adjudged them guilty of a contempt of court and sentenced them therefor to imprisonment in the county jail of Bernalillo county. The petitioners prayed an appeal from the judgment of the district court, which was refused.   This application is for a mandamus compelling the court to grant the petitioners an appeal to this court.

"The willful violation of an injunction by a party to the cause is a contempt of court constituting a specific criminal offense."   Bullock Elec. & Mfg. Co. v. Westinghouse Elec. & Mfg. Co., 129 Fed. 105.   In Bessette v. W. B. Conkey Co., 194 U. S. 324, the Supreme Court of the United States, speaking through Mr. Justice Brewer, thus defines contempt: "A contempt proceeding is *sui generis*.   It is criminal in its nature, in that the party is charged with doing something forbidden, and if found guilty, is punished."

A contempt of court such as these petitioners have been found guilty of, being a criminal offense, have they a right by appeal to have the judgment of the district court reviewed by this court?   This is the only question presented by the petition.   Sec. 10 of the organic act of this Territory (sec. 1869, Rev. Stat. of 1878), conferred appellate jurisdiction upon this court and granted this jurisdiction in the following language.   "Writs of error bills of exception and appeals shall be allowed in all cases from the final decisions of the district courts to the Supreme Court of all the Territories respectively

under such regulations as shall be prescribed by law." Section 1868 of the Revised Statutes of the United States provides that, "The Supreme Court and the district courts respectively of every Territory shall possess chancery as well as common law jurisdiction." This section has invested this court with common law jurisdiction in the exercise of its appellate jurisdiction as well as in the exercise of its original jurisdiction. The petitioners by this proceeding have invoked the appellate jurisdiction of the court in this, that the ultimate relief they seek is the review by this court of the judgment which has deprived them of their liberty by confining them in the jail of Bernalillo county. If this court has not power to review that judgment then it has no jurisdiction, appellate or otherwise, in this application to relieve the petitioners from their confinement.

The grant of jurisdiction to this court by section 10 of the organic act of this Territory, has preserved to litigants writs of error and a review by appeal; but the jurisdiction conferred either by the process of appeal or writ of error is common law jurisdiction. In determining the extent of the jurisdiction thus conferred upon this court, we are remitted to the common law.

The terms "writs of error" and "appeals" had a technical significance well known and accurately defined. The "appeal" was the process by which decrees in suits in chancery were reviewed and the "writ of error" was the process designed for the review of actions at law. Borrego v. Territory, 8 N. M. 446; United States v. Gibson, 1 Idaho 364.

At common law the review of a judgment in a criminal case could not be had by the process of "appeal." Rice v. Rex, Cro. Jac. 404; Rex v. Seton, 7 T. R. 373; Reg. v. Carlisle, 2 B. & Ad. 971; State v. Shepard, 37 Wis. 395. It is a necessary sequence then, that this court has no power to review the judgment of the district court by the process of "appeal," that judgment having been in a criminal cause or proceeding, unless the jurisdiction

to so review it by "appeal" has been granted from some source other than the act of Congress heretofore referred to.

The only other source from which this court could derive jurisdiction to review that judgment is Territorial legislation enacted pursuant to the grant of power from Congress contained in section 1851 of the Revised Statutes of the United States, to the effect that "The legislative power of every Territory shall extend to all rightful subjects of legislation not inconsistent with the constitution and laws of the United Sates."

The fixing and limiting of the jurisdiction of the courts both district and Supreme, of this Territory, is a rightful subject of legislation and is not inconsistent with the Constitution and laws of the United States. Sec. 1866, Revised Statutes U. S.; Coough v. Curtis, 134 U. S. 361-8; James v. Appel, 192 U. S. 129-37.

The Territorial Legislature pursuant to the grant of power extending the legislative power to all rightful subjects of legislation, enacted section 3406, Compiled Laws of New Mexico, of 1897, and thereby conferred jurisdiction upon this court to review by appeal final judgments *rendered upon any indictment."* We have been referred to no other enactment which confers jurisdiction upon this court to review criminal causes by appeal. It will be observed that the judgments which may be reviewed by appeal under the provisions of section 3406, supra, are limited to such judgments as were rendered upon indictments. The judgment of the district court adjudging these petitioners guilty of a contempt of court not being "rendered upon an indictment" is not such a judgment as this court was given power to review by that section.

In this connection it will be further observed that the act of Congress granting appellate jurisdiction in criminal cases to the Circuit Court of Appeals, under consideration in the cases of Bullock Elec. & Mfg. Co. v. Westinghouse, 129 Fed. 105, and Bessette v. W. B.

Conkey Co., 194 U. S. 324, was not limited to judgments *rendered upon indictments*, but was extended to *"all cases arising under the criminal laws"* except capital cases.

In Tyler v. Connolly, 65 Calif. 28, the Supreme Court of California considered a provision of the Constitution of California which conferred appellate jurisdiction upon that court to review judgments "in all criminal cases *prosecuted by indictment or information."* The chief justice, in concurring in the opinion of the court holding that there is no right of appeal from a judgment for contempt, in a separate opinion said: "It follows, then, if the proceeding for contempt is in its nature a criminal proceeding the right of appeal under the Constitution must be referred to that clause which authorizes an appeal in criminal cases. The language then found is the following: "An appeal will lie also in all criminal cases prosecuted by indictment or information" . . . "This is not such a case that it can hardly be seriously contended that it comes within the language or meaning of the provisions of the constitution above quoted."

This court not having power under the organic act to review by appeal judgments rendered in proceedings of contempt and not having such power conferred upon it by the Legislature of New Mexico, it follows that the petition filed in this cause must be dismissed. Holding as we do that there is no right of appeal from the judgment of the district court, it is unnecessary that we express any opinion upon the other questions presented by the respondent's motion to dismiss the relator's petition.

The petition for a peremptory writ of mandamus is therefore dismissed, and it is so ordered.

Parker, McFie, Mann, and Pope, JJ., concur.

Baker, A. J., took no part in this decision.