# GAINES v. KNECHT.

TRADEMARKS; CONSTITUTIONAL LAW; ESTOPPEL.

1. A party who, as permitted by the trademark act of Congress of February 20, 1905, opposes in the Patent Office an application for registration of a trademark under that act, on the ground that he is the owner of a trademark of the same general appearance as that of the applicant, cannot be heard to question the constitutionality and validity of the statute; and such question will not be determined in such a proceeding.

2. There is no such similarity between a trademark consisting of the words "Old Crow," accompanied by a picture of a crow, and one consisting of the words "Raven Valley," accompanied by a picture of three ravens in the dead limbs of a tree, as to justify the Commissioner of Patents in refusing registration of the latter trademark under the act of Congress of February 20, 1905.

No. 349. Patent Appeals. Submitted March 20, 1906. Decided May 9, 1906.

HEARING on an appeal by an opponent of an application for registration of a trademark, from a decision of the Commissioner of Patents awarding registration. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. James Love Hopkins* and *Mr. John S. Barker* for the appellants.

*Mr. Arthur E. Wallace* for the appellees.

Mr. Justice STAFFORD, of the supreme court of the District of Columbia, who sat with the court in the hearing of the case in place of Mr. Justice Duell, delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents under the trademark act of February 20, 1905. C. A. Knecht & Son filed an application to register a trademark, which was examined and passed for publication. W. A. Gaines & Company opposed the registration under section 6 of said act. We shall speak of Knecht & Son as the applicant, and Gaines & Company as the opponent. The opponent contends that the act is unconstitutional, and offers that as reason why the applicant's mark should have been refused registration. The opponent also objects on the ground that the applicant's mark is similar to the mark of the opponent, and would be likely to lead to confusion and enable the applicant to perpetrate a fraud upon the public.

1. The opponent in its notice of opposition states that it is the sole and exclusive owner of a trademark for whisky consisting of the words "Old Crow;" that this trademark has been registered in the Patent Office four times,—once under the act of 1870, and three times under the act of 1881,—giving the date of each certificate; that the right and title of the petitioner in and to the said trademark has been adjudicated in two cases therein cited; that applicant's mark presents the same general appearance to the eye as the opponent's, and would enable the former to perpetrate a fraud upon the public. Then the opponent adds that the Patent Office is without jurisdiction to grant registration, for the reason that the act under which application is made is unconstitutional and void.

If the act is void it may be pertinently inquired, How can the opponent make use of the act for the purposes of opposition? A void act must be void as to the opponent no less than as to the applicant. It cannot be that an act utterly void because dealing with a subject-matter upon which the legislature had no right to speak nevertheless provides the procedure upon which the opponent may challenge the validity of the act itself.

The opponent has no standing whatever as a party to this proceeding, except by the provisions of the very act which he says is entirely void. Therefore, his objection, if true, cuts the ground from under his own feet.

But there is another reason why the opponent cannot raise the question. Courts sit only to protect and vindicate rights of person or property. It will not be claimed that any right of person is in danger here. Neither is any right of property infringed upon or threatened if the act is unconstitutional and void. What harm can it do the opponent to have another trademark registered under an act which is void upon its face? The certificate of registration must be read in connection with the act, and derives its whole vitality from the act, and, if the act itself is void, so is the certificate void upon its face. This is not a proceeding in the nature of a proceeding to have a cloud upon the opponent's title removed, and, if it were, it could not be maintained, because an instrument or a proceeding utterly void upon its face does not constitute a cloud. Pom. Eq. Jur. 3d ed. § 1399, and note. It is, indeed, provided in section 16 of the act that registration under its provisions shall be prima facie evidence of ownership, and when an instrument is made prima facie evidence of ownership, it is ordinarily held to constitute a cloud; but if the act itself is void. so is this provision, which is a part of it. Those statutes which make tax deeds prima facie evidence of title are not unconstitutional and void, and therefore such deeds are prima facie valid; but the opponent's contention, if correct, destroys this provision with the rest. No extrinsic evidence is required to show that the act · is unconstitutional, and no extrinsic evidence could make a certificate under it of any force; consequently, registration under such an act can do the opponent no harm. Uncertainty of law, if any be recognized as existing, certainly does not help to make an instrument or a proceeding a cloud. Moreover, the opponent's contention is not that the unconstitutionality is uncertain, but that it is certain.

There is still another consideration. This is an appeal from the decision of an officer of the executive department performing a ministerial act. He has treated the statute as valid, and

so he ought to have treated it, until it is otherwise determined by the courts. As he remarked in his opinion: "Such registration does not create a property right in the applicant, or take away the property right of another, but is merely a record of the applicant's claim of title. The real right of the applicant is subject to investigation and determination in suits brought in the courts subsequently, either by or against him. The question whether that registration constitutes prima-facie evidence of ownership may call for a determination as to the constitutionality of the law providing for registration. It is believed that this office should leave the determination of that question to the courts in the regular way. *United States ex rel. Schumacher* v. *Marble,* 3 Mackey, 32." It may be true that the Commissioner acts in a judicial capacity in determining whether the applicant is the owner of the trademark, and whether it is one of those marks the registration of which is prohibited; but when he has determined these in favor of the applicant, the act to be performed by him is ministerial merely, and that is the act which it is claimed he should have refused to perform on the ground that the statute is unconstitutional. Such judicial proceedings as there are, issue and culminate in a purely ministerial act—the mere registration of a mark— which, if the statute is void, cannot possibly prejudice the right of the opponent or of anyone else. It is not as if the culminating act interfered with the person or property of others. We sit to review the action of the officer from the same standpoint which he was bound to take. Although the case is now before a court, the case itself is not changed, nor are the rules changed by which it should be decided. It is for this court to say merely whether his decision was right or wrong. We think he did not err in treating the act as valid. When some case shall arise in which rights of person or property must be affected by the decision, it will become necessary to consider the question now attempted to be raised; but to pass upon it now would be to decide a question of theory alone, and this is not the province of a court. *Clough* v. *Curtis,* 134 U. S. 361, 372, 33 L. ed. 945, 949, 10 Sup. Ct. Rep. 573; *Chicago & G. T. R. Co.* v. *Wellman,* 143 U. S. 339, 345, 36 L. ed. 176, 179, 12 Sup. Ct.

Rep. 400; *California* v. *San Pablo & T. R. Co.* 149 U. S. 308, 314, 37 L. ed. 747, 748, 13 Sup. Ct. Rep. 876; *United States ex rel. Brown* v. *Root,* 18 App. D. C. 239, 243. The act purports to provide means for the protection and enforcement of rights acquired by complying with its provisions. When any of these means are sought to be turned against the opponent he will, if his contention is sound, have a perfect defense in the unconstitutionality of the act. *Fitts* v. *McGhee,* 172 U. S. 516, 43 L. ed. 535, 19 Sup. Ct. Rep. 269.

2. The second question is whether the mark of the applicant is so similar to that of the opponent as naturally to lead to confusion and enable the applicant to perpetrate a fraud. The notice of opposition states that the opponent's trademark consists of the words "Old Crow," and then adds that the words have been used by the customers of the opponent, accompanied by the picture of a crow. The mark of the applicant consists of the words "Raven Valley Whisky," accompanied by a pictorial representation of three ravens in the bare limbs of a tree. Even admitting that the words "Old Crow" as a trademark would be interfered with by the picture of a crow, and that the raven and the crow belong to the same family, the question still remains whether the two marks are so nearly alike that purchasers would be likely to be deceived and misled into the belief that they were buying the goods of the applicant. There is no striking similarity between the picture of a single crow, as used on the labels of the opponent's customers, and the picture of three birds of smaller size in the dead branches of a tree; and when the words "Raven Valley" are considered they are so different from the words "Old Crow" that any confusion or deception would be very improbable. It appears that the applicant has been using this mark for a dozen years, and that no action has ever been taken against it by the opponent, and it does not appear that anyone has ever been deceived in fact. We agree with the Commissioner that there is no such similarity between the characters as would justify him in refusing registration.

The decision of the Commissioner is therefore affirmed, and

it is ordered that this decision and the proceedings in this court be certified to the Commissioner of Patents as required by law. *Affirmed.*

The appellants on June 16, 1906, filed a petition for the allowance of an appeal to the Supreme Court of the United States, which petition had not been acted upon when this volume went to press.