PEOPLE *v.* DICKERSON.

CRIMINAL LAW — APPEAL AND ERROR — REVIEW BY CERTIFYING RECORD—STATUTES.

> Under 3 Comp. Laws, §§ 11966, 11967, the record in a criminal case should be certified to the Supreme Court before judgment, in order to test the validity of a law; after sentence the sole remedy is a writ of error.

Case certified from the recorder's court of Detroit, Connolly, J. Submitted June 27, 1910. (Docket No. 155.) Decided July 14, 1910.

Frank M. Dickerson was convicted of murder in the first degree, and sentenced to imprisonment for life in the State prison at Jackson: On certificate of trial court to determine the constitutionality of Act No. 175, Pub. Acts 1905. Dismissed. .

*Frederick E. McCain*, for defendant.

*Edwin Henderson, amicus curiæ.*

*Ormond F. Hunt*, for the people.

BLAIR, J. Defendant was convicted of the crime of murder in the first degree on the 9th day of April, 1910, and on the same day he was granted 30 days' time within which to move for a new trial and settle a bill of exceptions. On the 12th day of April, 1910, defendant was sentenced to State prison at Jackson for the remainder of his life and the proper warrant and commitment papers issued, upon which he was incarcerated in said prison. On the 14th day of April, 1910, a motion for a new trial was made and filed, which motion was argued on April 19th and decision thereon withheld. At the conclusion of the argument defendant's attorney requested the court to

certify so much of the record to the Supreme Court as would test the validity of Act No. 175 of the Public Acts of 1905, in pursuance of the provisions of sections 11966 and 11967, 3 Comp. Laws. In accordance with the request of defendant's attorney, and, as stated in the certificate, in pursuance of the sections referred to, the trial judge has certified to this court a portion of the record, together with a memorandum of certain questions of law, for our opinion.

The sections in question appear in their present form in the Revised Statutes of 1838, pt. 4, tit. 2, chap. 5, §§ 3, 4, and from that time to this, so far as we can ascertain, no question has been certified to this court in pursuance of said section 11966. We are, therefore, unable to obtain any aid from our own decisions in construing these provisions. In Wisconsin, however, a statute substantially the same as ours has been construed by the supreme court to require the report to be certified before judgment, holding that after judgment a writ of error must be resorted to. *State* v. *Sheppard*, 37 Wis. 395.

We regard this decision as a correct interpretation of our statute, and we, therefore, decline to consider the questions reported for our opinion.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.